# UNITED STATES DISTRICT COURT
## OF THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

JPMORGAN CHASE BANK, N.A.,

    Plaintiff,

v.

CONQUEST FINANCIAL MANAGEMENT CORP; MICHAEL SHVARTSMAN, and GERALD SHVARTSMAN,

    Defendants.

Case No.  1:19-cv-22712

## COMPLAINT FOR BREACH OF NOTE AND GUARANTY

Plaintiff, JPMORGAN CHASE BANK, N.A. ("**Chase**"), sues Defendants, CONQUEST FINANCIAL MANAGEMENT CORP ("**Conquest Financial**"), and MICHAEL SHVARTSMAN ("**M. Shvartsman**"), and GERALD SHVARTSMAN ("**G. Shvartsman**"), and alleges the following:

### PARTIES, JURISDICTION AND VENUE

1. This is an action for damages for breach of promissory notes and guaranties. The parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorneys' fees.

2. Plaintiff Chase is chartered as a national banking association under the laws of the United States, and has its main office and principal place of business in Columbus, Ohio.

3. Defendant Conquest Financial is a corporation organized and existing under the laws of the State of Florida with a principal place of business in the State of Florida.

4. Defendant M. Shvartsman is an individual residing in and a citizen of Florida, and also transacts business in Miami-Dade County, Florida.

5. Defendant G. Shvartsman is an individual residing in and a citizen of Florida, and also transacts business in Miami-Dade County, Florida.

6. This Court possesses jurisdiction over this action under 28 U.S.C. § 1332(a) because complete diversity of citizenship exists among the parties and because the amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorneys' fees.

7. Venue in the Southern District of Florida accords with 28 U.S.C. § 1391 because all Defendants reside and transact business in the Southern District of Florida.

8. Every condition precedent to this action was either performed, waived, or excused.

## GENERAL ALLEGATIONS

### A. The $2,000,000.00 Loan

9. On January 6, 2015, Conquest Financial executed and delivered to Chase a Line of Credit Note (the "**$2M Note**") in the original principal amount of $2,000,000.00 (the "**$2M Loan**"). A true and correct copy of the $2M Note is attached as **Exhibit A**.

10. On the same day, Conquest Financial executed a Credit Agreement. A true and correct copy of the Credit Agreement ("**Credit Agreement**") is attached as **Exhibit B**.

11. On January 6, 2015, M. Shvartsman executed and delivered to Chase a Continuing Guaranty ("**M. Continuing Guaranty**"). On December 28, 2016, M. Shvartsman executed and delivered to Chase a Commercial Guaranty ("**M. Commercial Guaranty**"). Pursuant to the M. Continuing Guaranty and the M. Commercial Guaranty, M. Shvartsman guaranteed the prompt payment of all amounts due under the $2M Note. A true and correct copy of the M. Continuing Guaranty is attached as **Exhibit C**, and a true and correct copy of the M. Commercial Guaranty is attached as **Exhibit D**.

12. On January 6, 2015, G. Shvartsman executed and delivered to Chase a Continuing Guaranty ("**G. Continuing Guaranty**"). On December 28, 2016, G. Shvartsman executed and delivered to Chase a Commercial Guaranty ("**G. Commercial Guaranty**"). Pursuant to the G. Continuing Guaranty and the G. Commercial Guaranty, G. Shvartsman guaranteed the prompt payment of all amounts due under the $2M Note. A true and correct copy of the G. Continuing Guaranty is attached as **Exhibit E**, and a true and correct copy of the G. Commercial Guaranty is attached as **Exhibit F.**

13. On June 21, 2017, Conquest Financial entered into a Business Loan Agreement with Chase ("**Loan Agreement**"). A true and correct copy of the Loan Agreement is attached as **Exhibit G.**

14. The $2M Note, the Credit Agreement, the M. Continuing Guaranty, the M. Commercial Guaranty, the G. Continuing Guaranty, the G. Commercial Guaranty, Loan Agreement and any other documents that evidence or secure the $2M Loan shall be collectively referred to herein as the "**$2M Loan Documents**."

                                            B.      **The $226,000.00 Loan**

15. On May 22, 2015, Conquest Financial executed and delivered to Chase a promissory note (the "**$226K Note**") in the original principal amount of $226,000.00 (the "**226K Loan**"). A true and correct copy of the $226K Note is attached as **Exhibit H.**

16. Pursuant to the M. Continuing Guaranty and the M. Commercial Guaranty, M. Shvartsman guaranteed the prompt payment of all amounts due under the $226K Note. *See* **Ex. C; Ex. D.**

17. Pursuant to the G. Continuing Guaranty and the G. Commercial Guaranty, G. Shvartsman guaranteed the prompt payment of all amounts due under the $226K Note. *See* **Ex. E; Ex. F.**

18. The $226K Note, the Credit Agreement, Loan Agreement, the M. Continuing Guaranty, the M. Commercial Guaranty, the G. Continuing Guaranty, the G. Commercial Guaranty and any other documents that evidence or secure the $226K Loan shall be collectively referred to herein as the "**$226K Loan Documents**."

        **C.**     **Conquest Financial's Default Under the $2M Loan**

19. Conquest Financial defaulted under the terms of the $2M Loan by failing to pay all amount due under the Loan on the maturity date of January 15, 2016 as required under the $2M Note.

20. Additionally, Conquest Financial defaulted under the terms of the $2M Loan by having a judgment in the amount of $454,462.78 entered against it on May 20, 2018.

21. Conquest Financial is no longer operating as a business resulting in a material adverse change in its financial condition.

22. Exclusive of accrued interest, late fees, and other charges, as of August 7, 2018, Conquest Financial owes Chase $1,610,023.38 in principal under the $2M Loan.

23. Chase owns and holds the $2M Loan Documents.

24. Due to the default, Chase accelerated all sums due under the $2M Loan.

25. Chase retained the undersigned counsel to prosecute this action and became obligated to pay reasonable attorneys' fees, which fees are recoverable from Conquest Financial, M. Shvartsman, and G. Shvartsman in accordance with the $2M Loan Documents.

### D. Conquest Financial's Default Under the $226K Loan

26. Conquest Financial defaulted under the terms of the $226K Loan by failing to make the May 22, 2018 payment and all subsequent payments as required under the $226K Note.

27. Additionally, Conquest Financial defaulted under the terms of the $226K Loan by having a judgment in the amount of $454,462.78 entered against it on May 20, 2018.

28. Conquest Financial is no longer operating as a business resulting in a material adverse change in its financial condition.

29. Exclusive of accrued interest, late fees, and other charges, as of August 7, 2018, Wulff Holdings owes Chase $82,854.39 in principal under the $226K Loan.

30. Chase owns and holds the $226K Loan Documents.

31. Due to the default, Chase accelerated all sums due under the $226K Loan.

32. Chase retained the undersigned counsel to prosecute this action and became obligated to pay reasonable attorneys' fees, which fees are recoverable from Conquest Financial, M. Shvartsman, and G. Shvartsman in accordance with the $226K Loan Documents.

### COUNT I - BREACH OF $2M NOTE

33. Chase incorporates paragraphs 1 through 14 and 19 through 25 above.

34. Defendant Conquest Financial defaulted under the $2M Note.

35. Conquest Financial now owes Chase: (i) the full amount of principal due under the $2M Note of $1,610,023.38, and (ii) accrued interest, default interest, late fees, processing fees, attorneys' fees and expenses due under the $2M Note.

**WHEREFORE,** Plaintiff, JPMorgan Chase Bank, N.A., demands judgment against Defendant Conquest Financial Management Corp for the full amount of principal due under the $2M Note of $1,610,023.38 together with accrued interest thereon, default interest, late charges,

processing fees, court costs, advances, attorneys' fees, and all other amounts recoverable from Conquest Financial Management Corp under the respective loan documents.

## COUNT II - BREACH OF $226K NOTE

36. Chase incorporates paragraphs 1 through 8, 15 through 18, and 26 through 32 above.

37. Defendant Conquest Financial defaulted under the $226K Note.

38. Conquest Financial now owes Chase: (i) the full amount of principal due under the $226K Note of $82,854.39, and (ii) accrued interest, default interest, late fees, processing fees, attorneys' fees and expenses due under the $226K Note.

**WHEREFORE,** Plaintiff, JPMorgan Chase Bank, N.A., demands judgment against Defendant Conquest Financial Management Corp for the full amount of principal due under the $226K Note of $82,854.39 together with accrued interest thereon, default interest, late charges, processing fees, court costs, advances, attorneys' fees, and all other amounts recoverable from Conquest Financial Management Corp under the respective loan documents.

## COUNT III - BREACH OF GUARANTY (M. Shvartsman)

39. Chase incorporates Paragraphs 1 through 32 above.

40. Defendant, Conquest Financial defaulted under the $2M Note and the $226K Note.

41. By virtue of the M. Continuing Guaranty and the M. Commercial Guaranty, M. Shvartsman owes Chase: (i) the full amount of principal due under the $2M Note of $1,610,023.38; (ii) the full amount of principal due under the $226K Note of $82,854.39, and (iii) accrued interest, default interest, late fees, processing fees, attorneys' fees and expenses due under each note.

**WHEREFORE**, Plaintiff, JPMorgan Chase Bank, N.A., demands judgment against Defendant Michael Shvartsman for: (i) the principal amount of $1,610,023.38 due under the $2M Note; (ii) the principal amount of $82,854.39 due under the $226K Note, and (iii) accrued interest, default interest, late charges, processing fees, court costs, advances, attorneys' fees, and all other amounts recoverable from Michael Shvartsman under the M. Continuing Guaranty and the M. Commercial Guaranty.

### COUNT IV - BREACH OF GUARANTY (G. Shvartsman)

42. Chase incorporates Paragraphs 1 through 32 above.

43. Defendant, Conquest Financial defaulted under the $2M Note and the $226K Note.

44. By virtue of the G. Continuing Guaranty and the G. Commercial Guaranty, G. Shvartsman owes Chase: (i) the full amount of principal due under the $2M Note of $1,610,023.38; (ii) the full amount of principal due under the $226K Note of $82,854.39, and (iii) accrued interest, default interest, late fees, processing fees, attorneys' fees and expenses due under each note.

**WHEREFORE**, Plaintiff, JPMorgan Chase Bank, N.A., demands judgment against Defendant Gerald Shvartsman for: (i) the principal amount of $1,610,023.38 due under the $2M Note; (ii) the principal amount of $82,854.39 due under the $226K Note, and (iii) accrued interest, default interest, late charges, processing fees, court costs, advances, attorneys' fees, and all other amounts recoverable from Gerald Shvartsman under the G. Continuing Guaranty and the G. Commercial Guaranty.

Dated this 1st day of July, 2019.

-8-

QUARLES & BRADY LLP


By: */s/ Drew P. O'Malley*
   Drew P. O'Malley
   Florida Bar No. 106551
   101 East Kennedy Blvd., Suite 3400
   Tampa, FL 33602-5195
   Telephone:  813-387-0300
   Facsimile:  813-387-1800
   drew.o'malley@quarles.com
   donna.santoro@quarles.com
   DocketFL@quarles.com
   *Counsel for Plaintiff*