IN THE UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JPMORGAN CHASE BANK, N.A.,

        CASE NO.: 1:19-cv-22712-UU

    Plaintiff,

v.

CONQUEST FINANCIAL MANAGEMENT
CORP., MICHAEL SHVARTSMAN, and
GERALD SHVARTSMAN,

    Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, CONQUEST FINANCIAL MANAGEMENT CORP., by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses in this matter, and in connection therewith states:

## ANSWER

### Parties, Jurisdiction and Venue

1. Admitted that the action is one for damages in an amount that exceeds $75,000, exclusive of interest, costs, and attorney's fees. As Defendant lacks sufficient knowledge as to the main office and principal place of business of Plaintiff, remaining allegations are denied.

2. Defendant lacks sufficient knowledge to admit or deny these allegations, and same are accordingly denied.

3. Admitted.

4. Admitted that the named Defendant is a resident of and citizen of Florida. Remaining allegations are denied.

5. Admitted that the named Defendant is a resident of and citizen of Florida. Remaining allegations are denied.

6. Admitted that, to the extent Plaintiff's allegations as to its citizenship is in fact true and correct, diversity jurisdiction would exist under 28 U.S.C. § 1332(a). Remaining allegations are denied.

7. Admitted that if jurisdiction over this matter exists, venue would otherwise be proper. Remaining allegations are denied.

8. Denied. In furtherance thereof, any notice of default was incomplete, inadequate, or invald based upon the Plaintiff's agreement to restructure the subject loan documents, Plaintiff's actual restructuring of the loan documents, and / or Plaintiff's continuing conduct of extending additional credit and continuing to treat underlying loan documents as valid and operational without default or acceleration.

## General Allegations

9. Admitted.

10. Admitted.

11. Admitted that the documents in question were executed by M. Shvartsman. Remaining allegations are denied.

12. Admitted that the documents in question were executed by G. Shvartsman. Remaining allegations are denied.

13. Admitted.

14. This paragraph does not appear to make an actual allegation in that it merely seeks to characterize how the various identified documents will be referred to. To the extent a response is required, Defendant admits that the documents will be referred to as indicated. To the extent

this paragraph seeks to in any way describe such documents beyond mere identification, such allegations are denied.

15. Admitted.

16. The subject documents state what they state. Subject thereto, these allegations are denied.

17. The subject documents state what they state. Subject thereto, these allegations are denied.

18. This paragraph does not appear to make an actual allegation in that it merely seeks to characterize how the various identified documents will be referred to. To the extent a response is required, Defendant admits that the documents will be referred to as indicated. To the extent this paragraph seeks to in any way describe such documents beyond mere identification, such allegations are denied.

19. Denied.

20. Denied.

21. Admitted that Defendant is not currently operating as an ongoing business. Remaining allegations are denied.

22. Denied.

23. Defendant lacks sufficient knowledge to admit or deny these allegations, and same are accordingly denied.

24. Admitted that Plaintiff sought to accelerate the claimed amounts due. Remaining allegations are denied.

25. Defendant lacks sufficient knowledge to admit or deny these allegations, and same are accordingly denied.

26. Denied.

27. Denied.

28. Admitted that Defendant is not currently operating as an ongoing business. Remaining allegations are denied.

29. Denied.

30. Defendant lacks sufficient knowledge to admit or deny these allegations, and same are accordingly denied.

31. Admitted that Plaintiff sought to accelerate the claimed amounts due. Remaining allegations are denied.

32. Defendant lacks sufficient knowledge to admit or deny these allegations, and same are accordingly denied.

### Count I – Breach of $2M Note

33. Prior responses to the referenced paragraphs are restated as if fully set forth herein.

34. Denied.

35. Denied.

### Count II – Breach of $22K Note

36. Prior responses to the referenced paragraphs are restated as if fully set forth herein.

37. Denied.

38. Denied.

### Count III – Breach of Guaranty (M. Shvartsman)

39. The subject count does not purport to make a claim against Defendant and as such no response to this particular allegation from this Defendant is required. To the extent one is deemed to be required, it is denied.

40.     The subject count does not purport to make a claim against Defendant and as such no response to this particular allegation from this Defendant is required.  To the extent one is deemed to be required, it is denied.

41.     The subject count does not purport to make a claim against Defendant and as such no response to this particular allegation from this Defendant is required.  To the extent one is deemed to be required, it is denied.

### Count IV – Breach of Guaranty (G. Shvartsman)

42.     The subject count does not purport to make a claim against Defendant and as such no response to this particular allegation from this Defendant is required.  To the extent one is deemed to be required, it is denied.

43.     The subject count does not purport to make a claim against Defendant and as such no response to this particular allegation from this Defendant is required.  To the extent one is deemed to be required, it is denied.

44.     The subject count does not purport to make a claim against Defendant and as such no response to this particular allegation from this Defendant is required.  To the extent one is deemed to be required, it is denied.

### AFFIRMATIVE DEFENSES

45.     As its First Affirmative Defense, Defendant states that it is entitled to a set-off in this instance as against amounts at issue.  In connection therewith but not necessarily by way of limitation, Plaintiff attempted to and / or has already collected money from the Defendant(s) in this case by way of self-help actions, pre-judgment execution, or otherwise.  The amount claimed or sought by Plaintiff must account for any and all sums already recovered by Plaintiff from any source.

46. As its Second Affirmative Defense, Defendant failed to properly credit all amounts paid.

47. As its Third Affirmative Defense, Defendant states Plaintiff's claims are barred in that Plaintiff has failed to attach to the subject Complaint and / or are not proceeding under the latest contractual agreements or loan documents between the Parties, and the documents attached were subsequently modified, restructured, or replaced.

48. As its Fourth Affirmative Defense, Defendant states that Plaintiff's claims are barred by the doctrine of estoppel.  In connection therewith but not necessarily by way of limitation, Plaintiff represented to Defendant that the subject loan would be restructured and / or actually restructured same.  Defendant relied upon these representations and / or restructuring by Plaintiff to its detriment, and Plaintiff should be estopped from proceeding further accordingly.

49. As its Fifth Affirmative Defense, Defendant states that the subject claims are barred by the doctrine of waiver.  In connection therewith but not necessarily by way of limitation, Plaintiff knowingly and intentionally represented to Defendant that the subject loan would be restructured and / or actually restructured same.  Such constitutes a waiver of any defaults that preceded that date and / or results in the invalidity of any documents that preceded that date.

50. As its Sixth Affirmative Defense, Defendant states that Plaintiff's claims are barred by the doctrine of abandonment and / or accord and satisfaction.  In connection therewith but not necessarily by way of limitation, Plaintiff's agreement to restructure the subject loans and / or any actual restructuring thereof represented an accord and satisfaction of any outstanding obligations prior thereto and / or the Plaintiff's abandonment thereof.  In connection therewith and again without limitation, Plaintiff cannot proceed with its subject under agreements that were replaced.

51. As its Seventh Affirmative Defense, Defendant states that Plaintiff's claims are barred in whole or in part as and to the fullest extent that Plaintiff has failed to mitigate its damages.

52. As its Eighth Affirmative Defense, Defendant states that Plaintiff's claims are barred due to Plaintiff's own failure to follow up in response to the inquiries from Defendant attempting to work with Plaintiff, when Plaintiff indicated it would do so. Such constitutes a breach of the duty of good faith and fair dealing, as well as a breach of any underlying agreements or understandings between the parties.

53. As its Ninth Affirmative Defense, Defendant states that Plaintiff's claims are barred by the doctrine of first breach. In connection therewith but not necessarily by way of limitation, Plaintiff breached the underlying loan documents by demanding full payment at a time when Defendant was current with its outstanding payment obligations, and then failing to respond to further inquiries from Defendant or work with Defendant in follow up thereto.

54. As its Tenth Affirmative Defense, Defendant states that Plaintiff's claims are barred or otherwise limited in whole or in part as and to the fullest extent Plaintiff seeks to recover an interest rate that would be greater than that provided for by the applicable documents or which would constitute usury under applicable law, including Fla. Stat. § 687.03, or that would exceed that permitted by the applicable documents between the parties.

55. As its Eleventh Affirmative Defense, Defendant states that Plaintiff's claims are barred either in whole or in part by its continuing extension of credit after default.

56. As its Twelfth Affirmative Defense, Defendant states that Plaintiff's claims are barred by the doctrine of novation. In connection therewith, subsequent documentation replaced the current loan documents under which the Plaintiff now seeks to proceed based upon its Complaint.

57. As its Thirteenth Affirmative Defense, Defendant states Plaintiff's claims are barred due to a lack of proper notice under the circumstances.

58. As its Fourteenth Affirmative Defense, Defendant states Plaintiff's claims are barred due to the fact that Defendant was complying with any then applicable payment obligations, and despite such compliance Plaintiff called the subject loans in question. It was only after the Plaintiff said it was going to call the loans as due that Defendant stopped making payments.

WHEREFORE, Defendant respectfully requests this Honorable Court enter its Order denying Plaintiff the relief sought within the Complaint, and further award to Defendant attorney's fees and costs in this action and grant to Defendant such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ *Andrew M. Feldman*
Andrew M. Feldman, Esquire
Florida Bar No.: 161969
**FELDMAN LAW**
*Attorney for Defendant, Conquest Financial Mgt.*
7700 N. Kendall Drive, Ste. 809
Miami, FL 33156
Telephone: (305) 445-2005
Facsimile: (305) 445-2889
AFeldman@FeldmanLawOffices.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of July, 2019, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the following Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Andrew M. Feldman*
Andrew M. Feldman, Esquire
Florida Bar No.: 161969
**FELDMAN LAW**
*Attorney for Defendant, Conquest Financial Mgt.*

**SERVICE LIST**

**CASE NO.: 1:19-cv-22712-UU**

| | |
|---|---|
| Andrew M. Feldman, Esquire<br>Florida Bar No.: 161969<br>FELDMAN LAW<br>*Attorney for Defendant, Conquest Financial Mgt.*<br>7700 N. Kendall Drive, Ste. 809<br>Miami, Florida 33156<br>Telephone:  (305) 445-2005<br>Facsimile:  (305) 445-2889<br>Primary eMail: AFeldman@FeldmanLawOffices.com<br>Secondary eMail: KBruce@FeldmanLawOffices.com | Drew P. O'Malley, Esquire<br>Florida Bar No.: 106551<br>QUARLES & BRADY LLP<br>*Counsel for Plaintiff*<br>101 East Kennedy Blvd., Suite 3400<br>Tampa, FL 33602-5195<br>Telephone: (813) 387-0300<br>Facsimile: (813) 387-1800<br>eMail: drew.o'malley@quarles.com<br>eMail: donna. santoro@quarles.com |