UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JP MORGAN CHASE BANK, N.A.              Civil Action No.: 19-cv-22712-UU
     Plaintiff,
v.

CONQUEST FINANCIAL
MANAGEMENT CORP, et al.,
     Defendants.
_____/

### MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND INCORPORATED MEMORANDUM OF LAW OF DEFENDANTS MICHAEL SHVARTSMAN AND GERALD SHVARTSMAN

Defendants Michael Shvartsman and Gerald Shvartsman (collectively, the "Guarantors"), through undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(6) and Local Rule 7.1, submit their Motion to Dismiss for Failure to State a Claim and Incorporated Memorandum of Law. The Plaintiff JP Morgan Chase Bank, N.A. ("Chase") has sued on the wrong loan documents. The Court should accordingly dismiss Chase's Complaint for Breach of Note and Guaranty ("Complaint").

1.    In this action, Chase sued Conquest and the Guarantors on two promissory notes and related guarantees. Chase alleges in its Complaint that Conquest entered into a $2,000,000 Line of Credit Note (the "$2,000,000 Note") on January 6, 2015, and defaulted on that $2,000,000 Note on January 15, 2016 for non-payment. Complaint at ¶¶ 9, 19. Chase also alleges a nonmonetary default for the $2,000,000 Note on May 20, 2018 when a judgment was entered against Conquest in favor of a trade creditor. Complaint at ¶ 20.

2.    Chase also alleges in its Complaint that Conquest entered into a $226,000 Promissory Note (the "$226,000 Note") on May 22, 2015, and defaulted on that $226,000 Note on May 22, 2018 for non-payment. Complaint at ¶¶ 15, 26. Chase also alleges a nonmonetary default on May 20, 2018 when a judgment was entered against Conquest in favor of a trade creditor. Complaint at ¶ 27.

3. In Counts I and II, Chase seeks entry of a judgment on the outstanding sums allegedly due and owing under the $2,000,000 Note and the $226,000 Note against Conquest. Based on these same defaults, Chase seeks entry of a judgment for the same sums against the Guarantors in Counts II and IV.

4. Exhibit "A" hereto is a December 23, 2016 letter from Chase to Conquest reflecting Chase's agreement to restructure Conquest's loans, and attaching the documents reflecting that restructuring. Exhibit "B" hereto is a July 13, 2017 letter from Chase to Conquest requesting routine financial disclosures as a matter of course from Conquest and the Guarantors, indicating the loans are not in default. In this circumstance, the Court may and should consider these documents even though they are beyond the four corners of the Complaint. The promissory notes upon which Chase is suing in its Complaint, and which it has attached, have been restructured and were not on default at least as of July 13, 2017. While the Guarantors recognize Conquest may be indebted to Chase, Conquest is not indebted to Chase under the documents attached to Chase's Complaint, or based on the Complaint's default allegations based on the terms of those notes. Exhibits "A" and "B" reflect that the $2,000,000 Note and the $226,000 Note were restructured. Those restructurings are not attached to the Complaint. No related allegations about any defaults under the restructured loans appear in the Complaint. Without attaching or suing on the appropriate loan documents, Chase's Complaint fails to state a claim against the Guarantors.

WHEREFORE the Defendants Michael Shvartsman and Gerald Shvartsman pray this Honorable Court will grant their Motion to Dismiss for Failure to State a Claim, dismiss Chase's Complaint, and grant such other relief and the Court deems appropriate.

## MEMORANDUM OF LAW

Chase's Complaint fails to state a claim upon which relief can be granted. Chase has failed to attach the documents reflecting the restructuring, or even to allege the restructured terms, of the $2,000,000 Note and the $226,000 Note. Chase's Complaint makes default allegations, which are necessary to impose liability on the Guarantors, based on the non-restructured terms of these notes which are no longer the pertinent terms according to Exhibit "A." Chase cannot ultimately prevail against the Guarantors on the Complaint's present allegations and attachments.

Rule 12(b)(6) permits the Court to dismiss the Complaint for "failure to state a claim upon which relief can be granted[.]" "In ruling on a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not

challenged." *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010) (affirming district court's consideration of broker margin account agreement in dismissing case under Rule 12(b)(6) even though the agreement was not attached to complaint); *see also Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n. 3 (11th Cir. 2005) ("contracts such as the one in this case are central to the plaintiff's claim" and can be considered at the motion to dismiss stage even though it is beyond the four corners of the complaint). A writing whose authenticity is not in dispute and which references allegations or matters in the complaint is considered central to the complaint and may be considered at the motion to dismiss stage. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

The Guarantors' liability under the Complaint is based on Conquest's alleged breaches of the $2,000,000 Note and the $226,000 Note. Complaint at ¶¶ 40-41, 43-44. To prevail on a guaranty claim, a noteholder must allege that it has a valid and enforceable guaranty, the guaranty promised performance under the note, *there was a breach under the terms of the note*, the guarantor refused to pay the amounts due under the note, and noteholder was damaged as a result. *Ocean Bank v. M/Y ANDREA DEL MAR*, 2017 WL 7794596, at *3 (S.D. Fla. Aug. 18, 2017). Chase alleges the existence of the $2,000,000 Note and the $226,000 Note, monetary and non-monetary defaults under both, and all defendants' refusal to pay.

However, Chase alleges that the $2,000,000 Note was entered into January 6, 2015 and the $226,000 Note was entered into on May 22, 2015. Complaint at ¶¶ 9, 15. Chase alleges a monetary breach of the $2,000,000 Note on January 15, 2016 and monetary breach of the $226,000 Note on May 22, 2018. Complaint at ¶¶ 19, 26. Nonmonetary defaults for both are alleged to have occurred on May 20, 2018. Complaint at ¶¶ 20, 27.

Exhibit "A," however, reflects that Chase agreed to a restructuring and attaches loan documents reflecting that restructuring.[1] The date of Exhibit "A" is December 23, 2016, which is *after* the alleged monetary default of Conquest in the Complaint on the $2,000,000 Note. Exhibit "B" is a letter from Chase asking for routine financial disclosures for the Conquest loans as a matter of course which reflects, at least as of that date, the loans were not in default. The date of Exhibit "B" is July 13, 2017, which is once again, *after* the date of the alleged monetary default of the $2,000,000 Note. While Chase's allegations on the $226,000 Note and the nonmonetary

---

[1]  The Guarantors cannot locate the attachments to Exhibit "A."

defaults on both notes post-date Exhibits "A" and "B," those default allegations in the Complaint are based on the terms of the attached notes, which Exhibit "A" reflects on its face had been restructured, and which Exhibit "B" confirms.  The terms of that restructuring or whether entry of a judgment against Conquest in favor of a trade creditor are unknown under those restructured loans.

Chase cannot recover on promissory notes that have been restructured without attaching evidence of that restructuring, or making any related allegations as to the terms of that restructuring, and a breach of the operative, restructured loan documents.  Instead of doing so, Chase is seeking recovery on instruments that are no longer the pertinent loan documents, and which no longer contain the pertinent terms.  The allegations of the underlying defaults on the notes is a necessary component to recovery against any guarantors.  *M/Y ANDREA DEL MAR*, 2017 WL 7794596, at *3.  Without the proper allegations of default under the pertinent promissory notes, no claim can be stated against the Guarantors.

While beyond the four corners of the Complaint, Exhibits "A" and "B" are correspondence from Chase, which were both sent and signed by a Chase officer on Chase letterhead.  The contents of Exhibits "A" and "B" relate directly to the loans at issue in the Complaint.  Their contents are central to the allegations of the Complaint, their authenticity cannot be challenged, and Exhibits "A" and "B" ultimately meet the standards set forth by the Eleventh Circuit for the Court to consider on a motion to dismiss without converting the motion to dismiss to a summary judgment. *See Sampson v. Washington Mut. Bank*, 453 Fed. Appx 863, 866 (11th Cir. 2011) (in dismissing action, proper for court to consider note, security deed, and deed under power, none of which was attached to the complaint, when complaint sought damages for fraud and predatory lending on refinance, because those documents were "central to the plaintiff's claim that arose out of his loan transaction with the defendants").

4

If this case is to proceed, Chase must do so under the proper, restructured loan documents and make the related, and necessary, allegations of default under those restructured loan documents. What Chase has presently submitted to the Court does not state a claim upon which relief can be granted and dismissal is accordingly appropriate.

I HEREBY CERTIFY that the foregoing was filed and served via electronic filing using CM/ECF systems with the Clerk of the Court, on this the 4th day of October, 2019.

**STEVEN FENDER PA**

*/s/ G. Steven Fender*
G. STEVEN FENDER, ESQ.
Florida Bar No. 060992
Attorney for Gerald Shvartsman and
Michael Shvartsman
P.O. Box 1545
Ft. Lauderdale, FL 33302
Telephone: (407) 810-2458
Email: steven.fender@fender-law.com